# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO MANUEL GONZALEZ, et al.,<br><br>Defendants. | Case No. 2:16-cr-00265-GMN-CWH<br><br>**ORDER** |

This matter is before the court on the government's Motion for a Protective Order Under Federal Rule of Criminal Procedure 16(d)(1) and to Submit a Document Under Seal Ex Parte (ECF No. 1530), filed February 28, 2019, Ernesto Gonzalez's response (ECF No. 1538), filed March 14, 2019, and the government's reply (ECF No. 1545), filed March 21, 2019.

**I.    BACKGROUND**

The government moves for a protective order and to submit a sealed ex parte document to delay the disclosure of certain material because of witness security issues. (Mot. for Protective Order (ECF No. 1530).) The superseding indictment alleges that a charged co-defendant engaged in certain acts with and made oral and written statements to a third party. (Superseding Indictment (ECF No. 13).) Additionally, cooperating witnesses took various photographs of Vagos members and one cooperating witness identified one or more Vagos members in a photo spread. (*Id.* at 16.)

First, the government seeks to protect statements by the co-defendant which the government will introduce against all defendants. The government argues that this evidence must be disclosed to the declarant co-defendant under Rule 16 of the Federal Rules of Criminal Procedure, but as to all other defendants only under the Jencks Act. The discovery deadline for Rule 16 material for Group 1 is March 1, 2019, but the Rule 16 deadline for Group 2 is not until

November 7, 2019, and April 2, 2020 for Group 3. The declarant co-defendant is not in Group 1. The Jencks Act deadline for the Group 1 trial is July 19, 2019, 10 days before the July 28, 2019 trial date. The government seeks a protective order delaying discovery of this information to the Jencks deadline out of an abundance of caution and due to witness safety concerns.

Second, the government seeks to protect photographs of Vagos members taken by cooperating witnesses and lineup arrays of Vagos members shown to a cooperating witness, due to witness safety concerns as well.

Gonzalez responds that a protective order already exists in this case, and so it is unnecessary, and already contemplates earlier disclosure of Rule 16 material. He also argues that there is no basis to delay the production of photographs under Rule 16(a)(1)(E) regarding the production of photographs, and the allegations in the indictment are not evidence sufficient to establish a threat to witnesses. Finally, he argues that co-conspirators statements are not Jencks Act materials but are instead statements made in furtherance of an alleged conspiracy under Rule 801(d)(2)(E), and therefore should be disclosed in a timely fashion to allow the defense preparation. He also argues that the court has already decided that objections to other Rule 801 statements by Group 1 defendants should be made by June 20, 2019.

The government replies that regardless of whether the materials fall under Rule 16 or Jencks Act, delayed production is necessary under Rule 16(d) based upon the need for witness protection, and the existing protective order is insufficient.

## II. ANALYSIS

Federal Rule of Criminal Procedure 16 requires the government, upon defense request, to disclose "any relevant written or recorded statement by the defendant" if the statement is within the government's possession, custody, or control and the government knows, or could reasonably learn, that the statement exists. Fed. R. Crim. P. 16(a)(1)(B)(i). Additionally, upon a defendant's request, the government must make available for inspection and copying any documents or photographs that the Government intends to offer in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(E). Rule 16(d)(1) provides that a "court may, for good cause, deny, restrict, or defer discovery or inspection," of certain material. In deciding whether to invoke such a protective

order, the court may require the requesting party to submit ex parte a written statement showing good cause. Fed. R. Crim. P. 16(d)(1).

Rule 26.2, which comports with the Jencks Act, requires disclosure of prior statements made by a witness after that witness has testified on direct examination. *See generally* Fed. R. Crim. P. 26.2.

**1. Co-Defendant Statements**

The written and oral statements of a co-defendant that were made to a third party constitute Rule 16 material only as to the declarant, and as Jencks and Rule 26.2 statements as to all other defendants. The statements therefore may be properly released to Group 1 defendants as Jencks Act materials on July 19, 2019.[1]

**2. Photographs**

The superseding indictment, as determined by the grand jury, contains numerous allegations concerning threats and violence against those believed to be cooperating with the government, for example, overt acts 17, 43, 44, 48, 50, 51, 86, 87, 88, 94, 100. (Superseding Indictment (ECF No. 13).) The photographs taken by a cooperating witness, and the photographic lineups shown to a cooperating witness containing that witness's markings are undeniably Rule 16 materials. But they would identify the witnesses, and considering the allegations against defendants, the government's safety concerns are valid. On balance, the concerns for witness safety are paramount. The existing protective order prohibits the defendants from disseminating discovery to third parties, but the protective order sought here concerns defendant safety, as well as others. Accordingly, the government shall file under seal and ex parte a document further specifically describing the discovery at issue. The government must also file a proposed protective order within 10 days from the date of this order.

//

//

---

[1] To the extent that the trial court considers the statements to be Rule 801 statements, it may in its discretion address them as it desires, prior to trial.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the government shall file under seal and ex parte, a document that further specifically describes the discovery at issue.

IT IS FURTHER ORDERED that the government shall provide a proposed protective order within 10 days from the date of this order.

DATED: April 30, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE