# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALBERT LOPEZ, et al.,

Defendants.

Case No. 2:16-cr-00265-GMN-CWH

**ORDER**

Presently before the court is defendant Albert Lopez's motion to exclude expert testimony for failure to comply with the court's deadline (ECF No. 1532), filed on March 3, 2019. The government filed a response (ECF No. 1544) on March 16, 2019, and Lopez filed a reply (ECF No. 1549) on March 24, 2019.

On June 14, 2017, a Superseding Criminal Indictment was filed charging defendant Albert Lopez with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d) (Count One); Violent Crime in Aid of Racketeering - Murder, in violation of Title 18, United States Code, Section 1959(a)(1) (Count Two); and Using and Carrying a Firearm During and in Relation to a Crime of Violence, Causing Death, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Three). (Superseding Indictment (ECF No. 13).) The charges arise from allegations that Lopez and his twenty-two codefendants are members of the Vagos Outlaw Motorcycle Gang and engaged in a variety of criminal activity. (*Id.*)

In response to Lopez's previous motion for early disclosure of any gang experts the government intends to call at trial, the court ordered disclosure to the extent required by Rule 16(a)(1)(G). (*See* Mot. for Notice of Expert Testimony (ECF No. 869); *see also* Order (ECF No. 1382).) Those disclosures were provided on February 15, 2019. (Notice of Intent (ECF Nos.

1499-1503).) The second amended scheduling order provides that notice of experts were due for group 1 defendants on February 15, 2019. (Seconded Amended Scheduling Order (ECF No. 1453).) Trial is to commence for group 1 defendants on July 29, 2019. (*Id.*)

Lopez argues that the disclosures are deficient because they lack opinions, bases, or summaries. Instead, they vaguely list topics of testimony, requiring him to guess as to the opinions to be presented, and thus, making it impossible to challenge the testimony or prepare cross-examination. He therefore moves for exclusion or in the alternative, for the government to provide sufficient notice. Additionally, he lists a variety of additional requests regarding the expert testimony. The government responds that its disclosures are sufficient, but provides additional information to assist the defense, and to cure any perceived deficiency, for example, by identifying code words to be explained.

Federal Rule of Criminal Procedure 16(a)(1)(G) provides that, upon a defendant's request, the government must provide the expert's qualifications, a written summary of their expected testimony, including their opinions, and the bases and reasons for those opinions. *See* Fed. R. Crim. P. 16(a)(1)(G). The purpose of requiring disclosure of an expert's qualifications is to provide information to the defendant in order to determine whether the expert qualifies under Federal Rule of Evidence 702. *See* Fed. R. Crim. P. 16(a)(1)(G) advisory committee's note to 1993 amendment. A written summary of the expert's anticipated testimony provides for more complete pretrial preparation for the requesting party. *See id.* Finally, the bases and reasons for the anticipated opinions provides a requesting party the ability to gauge whether the purported bases and reasons for an opinion are admissible under Federal Rules of Evidence 703. *See id.*

Here, there is no dispute that the government has satisfied the requirement of providing the expert's qualifications. At issue is whether the government has provided a written summary of their expected testimony, including their opinions, and the bases and reasons for those opinions.

The government divides the five experts at issue into two groups. First, Special Agent Carr, Mr. Skelton, and Investigator Grimm are experts on outlaw motorcycle clubs generally and the Vagos specifically. The disclosure for each expert is identical, except as noted:

Pursuant to Rule 702 of the Federal Rules of Evidence, the Government intends to call [SA Carr/Skelton/Grimm] to provide expert testimony regarding the background, structure, and nature of outlaw motorcycle clubs generally, and the Vagos Outlaw Motorcycle Club specifically, to include the terminology, symbols, patches, bylaws, rules, memberships, purposes, practices, leadership roles and duties, associated and rival organizations, and the *modus operandi* of such organizations. [SA Carr's/Skelton/Grimm] testimony regarding *modus operandi* will include expert opinion regarding the interactions between Vagos members within the organization as well as with those outside the organization, to include citizens, other outlaw motorcycle club members, and law enforcement. [SA Carr/Skelton/Grimm] is also expected to testify as an expert regarding the interpretation and meaning of code words and cryptic conversations contained on the recordings of intercepted communications which will be introduced at trial. The scope of the expert testimony may also be dictated, in part, by the defenses raised through the defense opening statements, cross-examination of government witnesses, and possible defense witnesses. The scope of [SA Carr's/Skelton/Grimm] expert testimony will include, but is not limited to, paragraphs 1 and 2 of the Superseding Indictment, which are incorporated here by reference. See ECF No. 13, ¶¶ 1, 2.

(*See* Notice of Intent (ECF Nos. 1501-03).) The disclosures for Special Agent Carr and Mr. Skelton include this additional language:

> Additionally, SA Carr's expert testimony in this case will include, but is not limited to, the subject matters included in his testimony in *State of Nevada v. Steven Carr et al.*, Case No. 11BGJ121A-E, which has been produced at Bates USA0116472.

> Additionally, Mr. Skelton's expert testimony in this case will include, but is not limited to, the subject matters included in his testimony in *State of Nevada v. Ernesto Gonzalez*, Case No. CR11-1718B, which has been produced at Bates USA0088801, USA0089587, and USA0137748.

(*See* Notice of Intent (ECF Nos. 1501-02).)

Second, Special Agent Neal and Sergeant Bennett are identified as experts on code words and cryptic language used by the Vagos in intercepted calls. The disclosures for both are the same:

> an expert witness regarding the background, structure, and nature of outlaw motorcycle clubs generally, and the Vagos Outlaw Motorcycle Club specifically, to include the terminology, symbols, patches, bylaws, rules, memberships, purposes, practices, leadership roles and duties, associated and rival organizations, and the *modus operandi* of such organizations pursuant to Rule 702 of the Federal Rules of Evidence. [Sergeant Bennett/SA Neal] is trained in the investigation of crimes involving outlaw motorcycle organizations. [Sergeant

Bennett's/SA Neal] testimony regarding terminology and symbols will include expert opinion regarding the use of various code words and cryptic language used by members and associates of the Vagos organization during intercepted phone calls, and the meaning of those terms. The scope of the expert testimony may also be dictated, in part, by the defenses raised through the defense opening statements, cross-examination of government witnesses, and possible defense witnesses. [Sergeant Bennett's expert testimony in this case will include, but is not limited to, the subject matters included in his testimony in *State of Nevada v. Ernesto Gonzalez*, Case No. CR11-1718B, which has been produced at Bates USA0089587 and USA0137748."]

(Notice of Intent (ECF Nos. 1499, 1500).)

Lopez argues that the disclosures provide no opinions, bases, or summaries. The government responds that the scope of the testimony for Special Agent Carr, Mr. Skelton, and Investigator Grimm is listed in the notice and specific paragraphs in the indictment which are incorporated by reference. As to the disclosures of experts Special Agent Carr, Mr. Skelton, and Investigator Grimm, the court finds that the disclosures fully set forth the scope of the experts' anticipated testimony, but fail to identify any of the experts' opinions. Review of the seven pages in the superseding indictment reveal a series of statements regarding the Vagos, for example, that they are a highly organized criminal organization which adhered to a hierarchical chain of command. (*See* Superseding Indictment (ECF No. 13) ¶ 2(c).) But the experts provide no specific opinions (or the reasons for their opinions) as to those allegations. These deficiencies leave Lopez to speculate what a particular witness will say, and they provide no explanation or justification that could be challenged during cross-examination. Nor do they allow for consideration as to admissibility under Federal Rule of Evidence 703. The government must provide more than a list of general subjects to be covered by the expert testimony. If the experts have adopted each of the allegations in the indictment as their own opinions, they have not said so, nor have they provided an explanation regarding the basis for their conclusions, as required by Rule 16(a)(1)(G).[1]

---

[1] Because expert opinions must be identified, phrases such as, "including, but not limited to" do not sufficiently provide notice of opinions.

Similarly, regarding the disclosures of Special Agent Neal and Sergeant Bennett, whose expertise is code words and cryptic language used by the Vagos in intercepted calls, the court's conclusion is the same.[2] No code words are identified in the disclosure, and so no opinions are provided. In its response, the government provides a list of sixty-eight words and an explanation of the words. If the experts adopt those explanations of the words, they should say so. Additionally, although providing the transcript of prior expert testimony simplifies the defendant's task of understanding the basis for the expert's opinions, Lopez should not be required to mine the transcript for opinions that might be used in this case. The explanation for a particular opinion can be general and summary, but it must be provided.[3] Accordingly, the court finds that the disclosures are deficient.

Lopez argues in his motion that the government must disclose additional expert information, for example: transcripts of all prior testimony, whether the witness testified as a gang expert, or disclosure of specific training that supports the opinions. Lopez provides no points and authorities to justify these requests, and so the court rejects them in favor of requiring the government to fully comply with Rule 16(a)(1)(G).

Where the government has failed to comply with this disclosure requirement, the district court may:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2). Given the sufficient time remaining before trial, and the partial satisfaction of the disclosure requirements, the court finds it just to not exclude the government's

---

[2] The court takes no position on whether an expert is needed to explain cryptic language used during a criminal enterprise. Undercover police officers interpret many such words daily.

[3] In contrast, an expert's written report in a civil case must include not only "a complete statement of all opinions the witness will express and the basis and reasons for them" and his qualifications, but also all of the data or other information considered in forming the opinion, all summary or supporting exhibits, and the compensation he was paid. Fed. R. Civ. P. 26(a)(2)(B)(i); *see also* 26(a)(2)(B)(i)-(vi).

experts, but rather to require the government to provide a more focused expert summary, consistent with the guidance in this order and Rule 16(a)(1)(G), no later than June 20, 2019.

IT IS THEREFORE ORDERED that defendant Albert Lopez's motion to exclude expert testimony (ECF No. 1532) is GRANTED in part and DENIED in part. It is granted to the extent the government must provide the appropriate notice required by Rule 16(a)(1)(G). It is denied in all other respects. The government's disclosure under Rule 16(a)(1)(G) is due no later than June 20, 2019 for defendants Palafox, Lopez, Gillespie, Perez, Gonzalez, Campos, Morales, and Garcia.

DATED: June 6, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE