**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cr-00265-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| ALBERT LOPEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendant Albert Lopez's Motion to Modify Conditions of Release, (ECF No. 1724). Lopez files this Motion on his own behalf and on behalf of three of his co-defendants: Bradley Campos, Diego Garcia, and Cesar Morales. The Government filed a Response, (ECF No. 1731), and Lopez filed a Reply, (ECF No. 1734).

Also pending before the Court is Lopez's oral motion made July 18, 2019, at Calendar Call, and joined by Campos and Morales. The aforementioned defendants request that their respective ankle GPS monitoring devices be removed for the duration of trial.

I.     ANALYSIS

**A. Motion to Modify Conditions of Release, (ECF No. 1724)**

The Bail Reform Act guides courts in fashioning acceptable conditions of pretrial release. *See* 18 U.S.C. § 3142. Section 3142 requires judicial officers to impose the least restrictive release conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B); *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The factors to be considered in determining whether there are appropriate conditions of release that further these aims include: (1) the nature and seriousness of the offense charged, (2) the weight of the evidence, (3) the defendant's character, physical and mental condition, family and community ties, past

conduct, history relating to drugs and alcohol abuse, and criminal history, and (4) the nature and seriousness of the danger to another person or the community posed by defendant's release. 18 U.S.C. § 3142(g). Pursuant to Section 3142(c)(3), the Court "may at any time amend the order to impose additional or different conditions of release." The party requesting modification must "establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness." *United States v. Wei Seng Phua*, No. 2:14-cr-00249-APG, 2015 WL 127715, at \*1 (D. Nev. Jan. 8, 2015); *see* 18 U.S.C. § 3142(f).

Here, Lopez seeks to modify pretrial release conditions which currently provide that the defendants "shall avoid all contact directly or indirectly with co-defendants unless it is in the presence of counsel." (Am. Order 3:11–13, ECF No. 1620); (*see also* Campos PR Bond, ECF No. 262); (Morales and Garcia Rule 5(c)(3) Documents, ECF No. 453). The conditions further provide: "The defendant shall avoid all contact directly or indirectly with the Vagos Motorcycle Club members, associates, hang arounds, or prospects. The defendant shall remove himself from any location where any other co-defendants may be present." (Am. Order 3:14–16); (*see also* Campos PR Bond, ECF No. 262); (Morales and Garcia Rule 5(c)(3) Documents at 4, ECF No. 453); (Order, ECF No. 665) (modifying Garcia's conditions). Lopez requests that the Court modify the non-association conditions to allow the four defendants to share a residence in Las Vegas during trial. (Mot. to Modify 1:15–20, ECF No. 1724). Lopez explains that "Mr. Lopez (and the others) will, of course, be unable to work during trial. Each is indigent and the cost of finding separate housing would be a severe financial burden." (*Id.* 2:7–11). Lopez further submits that he has been on pretrial release since August 2018 without incident. (*Id.* 1:21–23). Additionally, "Campos, Garcia and Morales have been on pretrial release without incident since June of 2017." (*Id.* 1:22–24).

In its Response, the Government contends that "Lopez's and his co-defendants' financial conditions do not support modifying their release conditions. The no-contact condition seeks to reduce the risks of collusion and [coercion] between defendants and potential future criminal activity." (Resp. 2:10–12, ECF No. 1731).

Lopez replies that "the government sidesteps two key considerations: 1) the men will be spending all day together in court and in meetings under the JDA agreement outside of court; and 2) the government's proof of danger proffered repeatedly at Mr. Lopez's detention hearings does not exist." (Reply 3:6–13, ECF No. 1734).

Upon review of the relevant filings and the parties' arguments, the Court **GRANTS** Lopez's Motion, (ECF No. 1724). The Court will modify the conditions that currently do not permit contact with co-defendants except in the presence of an attorney, and that require a defendant to remove himself from any location where any other co-defendants may be present. This modification applies only to Lopez, Campos, Garcia, and Morales, the four out-of-custody defendants starting trial on July 29, 2019, but the modification is limited in a few ways. These four defendants may communicate only with each other, not the other co-defendants or any other Vagos Motorcycle Club member, associate, hang around, or prospect. These four defendants may communicate with each other only if they are sharing a common residence during trial as that is the only reason for the modification. If other living arrangements are made, this modification will be stayed until and unless the Pretrial Office can verify the existence of the common residence and its suitability. The modification is effective immediately but made only for the duration of trial. As such, the modification shall expire five (5) days after the end of trial.

**B. Oral Motion to Remove GPS Monitoring Devices**

Lopez, Campos, and Morales request that their respective ankle monitoring devices be removed for the duration of trial. At Calendar Call, counsel for Lopez explained he is

concerned that at some point jurors will see Lopez displaying the ankle monitor or will see Lopez being stopped at the courthouse entrance due the magnetometer's detection of the ankle monitor. The Court advised counsel that it would consider having the ankle monitors removed and placed back on the defendants every day during trial.

Upon review and consideration, the Court **DENIES** Lopez's oral motion. As an initial matter, the ankle monitors belong to a different district, not the District of Nevada. Regardless, the deactivation process would apparently require an hour of deactivating steps for each ankle monitor. Likewise, reactivation every day after trial would be similarly burdensome and the defendants could not leave the courthouse during the day. Monitoring their compliance would also be difficult and the safety risk cannot be justified when other options are available. The Court finds this option to be unreasonably difficult and unnecessary. As such, Lopez, Campos, and Morales shall continue to wear GPS monitoring devices in accordance with their conditions of release. (*See* Am. Order, ECF No. 1620) (regarding Lopez's conditions); (Order, ECF No. 605) (regarding Campos's conditions); (Min. Order, ECF No. 1149) (regarding Morales's conditions); (Order, ECF No. 1489) (same).

However, defendants wearing ankle monitors are advised that the courthouse opens at 7:00 a.m. and they may enter the courthouse at that time, should they wish to do so. This will reduce the likelihood that jurors observe the defendants' ankle monitors when going through the magnetometer at the courthouse entrance.[1] Trial begins at 8:30 a.m. during the first week and 9:00 a.m. every week thereafter. Therefore, it is unlikely that jurors will arrive before 8:00 a.m. on any given day. Further, for the first day of trial, Monday, July 29, 2019, the Pretrial Services Office will be open at 7:00 a.m. so that the defendants may sit in the office's lobby if they choose to do so. Additionally, these three defendants may sit in the courthouse café which

---

[1] Unfortunately, there is no alternate secure entrance. All court employees, defendants, and jurors enter through the same entrance and set of magnetometers, as does the public.

opens at 7:30 a.m., Monday through Friday, wait for Counsel in any of the the attorney lounges, or the defendants may stay in the public lounge areas of the courthouse which have no courtrooms and house other agencies, such as the fourth or fifth floors.  These are suggestions, not limitations.

## II.      CONCLUSION

**IT IS HEREBY ORDERED** that Lopez's Motion to Modify Conditions of Release, (ECF No. 1724), is **GRANTED**, consistent with the foregoing.

**IT IS FURTHER ORDERED** that Lopez's oral motion to have ankle monitoring devices removed during trial is **DENIED**.  Lopez, Campos, and Morales shall continue to wear GPS monitoring devices in accordance with their conditions of release.

**DATED** this __26__ day of July, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court